IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| KIARA D. DAVIS, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 1:21-CV-62 (LAG) |
| B&B INC., | : | |
| Defendant. | : | |

# **ORDER**

Before the Court are two letters from *pro se* Plaintiff Kiara D. Davis (Docs. 9, 9-1). Plaintiff filed this action on April 15, 2021. (Doc. 1). The same day Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* (IFP). (Doc. 2). On June 22, 2021, the Court denied Plaintiff's Motion because "Plaintiff's IFP application d[id] not provide information sufficient to enable the Court to make a determination as to whether she qualifie[d] to proceed IFP." (Doc. 8 at 2). The Court granted Plaintiff leave to either: (1) pay the full filing fee of $402, or (2) to file an amended IFP application that explained how it was possible that Plaintiff had no expenses and whether she receives any form of public assistance, within thirty days of the Court's Order. (*See id.* at 2–3). On July 13, 2021, Plaintiff filed two letters which reiterate the claims made in Plaintiff's Complaint. (*See* Docs. 9, 9-1). Plaintiff stated that she receives government assistance in the form of food stamps and has moved back home with her parents. (Doc. 9-1). Plaintiff did not, however, specify the amount of her benefits; nor does she provide any information about her expenses. (*Id.*).

Courts follow a well-established two-step procedure when processing *pro se* complaints filed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. *See Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985) (citations omitted). "Initially, the district court must determine whether the plaintiff is unable to prepay costs and fees and is

therefore a pauper under the statute." *Id.* (citing 28 U.S.C. § 1915(a)). "Only after making a finding of poverty and docketing the case can the court proceed to the next question: whether the claim asserted is frivolous or malicious." *Id.* (citing 28 U.S.C. § 1915(d)).

Pursuant to 28 U.S.C. § 1915(a), a court "may authorize the commencement . . . of any suit, action, or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [litigant] possesses that the person is unable to pay such fees or give security therefor."[1] 28 U.S.C. § 1915(a)(1). Section 1915 "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1988) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948)); *see also Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (per curiam) (citation omitted). It permits litigants to file suit without prepaying any requisite fees. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). It does not, however, create an absolute right to proceed in civil actions without payment of costs. *Bey v. Lenox Mun. Ct.*, No. 7:17-CV-180 (WLS), 2017 WL 6617053, at *1 (M.D. Ga. Dec. 4, 2017) (quoting *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969)). While a plaintiff need not demonstrate absolute destitution to proceed IFP, "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed in forma pauperis." *Levy v. Federated Dep't Stores*, 607 F. Supp. 32, 34 (S.D. Fla. 1984) (citation omitted). The affidavit required by the statute must show inability to prepay fees and costs without foregoing the basic necessities of life. *Adkins*, 335 U.S. at 339.

Plaintiff fails to provide the Court with information sufficient to make a determination as to whether Plaintiff can pay the Court's filing fee. As the Court stated in its Order, Plaintiff "must provide *some information about her expenses* and *how they are met*, be it through government aid or aid from other sources." (Doc. 8 at 2 (emphasis added)). While the fact that Plaintiff receives food stamps is some indication of her

---

[1] "[T]he affidavit requirement applies to all persons requesting leave to proceed [IFP]." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam) (citations omitted).

financial status, it is not sufficient to allow the Court to make the required determination. Moreover, Plaintiff was ordered to file an amended IFP application, not a letter. (*Id.* at 3). Thus, the requirements of 28 U.S.C. § 1915(a)(1) have not been satisfied. *See, e.g.*, *FAOF Ashby, LLC v. Greene*, No. 1:14-cv-01552-SCJ-AJB, 2014 WL 12859989, at *2 (N.D. Ga. June 20, 2014) (denying plaintiff's IFP motion when the court was without sufficient information to make an IFP determination), *report and recommendation adopted*, No. 1:14-CV-1552-SCJ, 2014 WL 12860026 (N.D. Ga. July 17, 2014). Because Plaintiff did not pay the filing fee or provide all the information requested, she has failed to comply with the Court's Order. Accordingly, this action is **DISMISSED without prejudice**. *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (per curiam) (holding that the district court did not abuse its discretion in denying plaintiff's motion because plaintiff failed to comply with the court's order to amend his complaint).[2]

**SO ORDERED**, this 6th day of August, 2021.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] The Court notes that Judge Sands previously dismissed a matter appearing to arise out of the same circumstances for failure to state a claim. *See Davis v. B&B, Inc.*, No. 1:20-CV-207 (WLS), (Doc. 6) (M.D. Ga. Dec. 18, 2020). A preliminary review of this claim suggests Plaintiff's Complaint in this case suffers from the same deficiency.